MET LAW OFFICE

MICHAEL KEMP (#0390426)
326 4th St. NE
Minneapolis, MN 55413
Tel. No.: (651) 998-9529
Email: mkemp@metlawoffice.com

YAMAKI LAW LLLC

MASON M. YAMAKI (Admitted *Pro Hac Vice*)
P.O. Box 7649
Hilo, Hawaiʻi 96720
Tel./Fax. No.: (808) 935-4394
Email: mmyamakilawlllc@hawaiiantel.net

Attorneys for Plaintiff
HILO PRODUCTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| HILO PRODUCTS, INC.,<br><br>   Plaintiff,<br><br> vs.<br><br>TARGET CORPORATION et al.,<br><br>   Defendants. | CIVIL NO. 23-CV-00370-JRT-LIB<br><br>STATEMENT OF CASE;<br>CERTIFICATE OF SERVICE |

**STATEMENT OF CASE**

**I. BACKGROUND**

   Plaintiff HILO PRODUCTS, INC. (**Hilo Products**) has a *prima facie* case against Defendant TARGET CORPORATION (**Target**) for almost $1.37 million dollars in unpaid produce that was delivered to and accepted by Target. For over a decade, Hilo

Products spent hour upon hour submitting invoices, day after day working with Defendant and its employees and managers to resolve disputes, and months and years patiently waiting for Defendant's bureaucracy to make payments. During this time, the parties performed with the understanding that Hilo Product would eventually be paid as long as the parties continued working together. This expectation continued until Defendant's corporate leadership abruptly decreed that Hilo Products would not be paid.

The following is a summary of Hilo Products' backlogged invoices:

| Year | Kona Store | Hilo Store | Total |
|---|---|---|---|
| 2011 | $2,456.05 | $11,021.98 | $13,478.03 |
| 2012 | $19,470.14 | $5,057.01 | $24,527.15 |
| 2013 | $7,934.84 | $4,473.83 | $12,408.67 |
| 2014 | $4,022.83 | $13,073.38 | $17,096.21 |
| 2015 | $8,628.67 | $13,011.03 | $21,639.70 |
| 2016 | $26,947.05 | $43,511.83 | $70,458.88 |
| 2017 | $470,529.33 | $584,193.63 | $1,054,722.96 |
| 2018 | $65,748.66 | $89,801.65 | $155,550.31 |
| **Total** | **$605,737.57** | **$764,144.34** | **$1,369,881.91** |

*See* Dkt. 129-4 at ¶48.[1]  In addition to describing the unresolved amounts, these figures illustrate that, despite the long history of payment problems, the parties also had a long

---

[1] Pursuant to Fed.R.Evid.1006, this statement is admissible as evidence because Hilo Products has provided Defendant, by and through discovery, with the documentation used to support this statement. *See e.g., C.L. Maddox, Inc. v. Benham Group, Inc.*, 88

history of resolving invoices and the vast majority of backlogged invoices were dated during the last year and a half that Hilo Products provided produce to Defendant.

## II.     PROCEDURAL BACKGROUND

Hilo Products filed its initial complaint on Dec. 27, 2021.  *See* Dkt. No. 2, Ex. A., Page ID No. 10-17.  After removing the case to federal court, Defendant moved to transfer the case to this Court on Mar. 1, 2022.  *See* Dkt. Nos. 7-8.  Plaintiff opposed Defendant's motion to transfer.  *See* Dkt. No. 21.  On Mar. 22, 2022, Plaintiff filed its First Amended Complaint.  *See* Dkt. No. 15.  On Apr. 25, 2022, Plaintiff filed its Second Amended Complaint.  *See* Dkt. No. 36.

On May 6, 2022, the U.S. District Court of the District of Hawai'i ordered limited discovery and scheduled an evidentiary hearing that was eventually held from Dec. 13 to 14, 2022 to address whether Plaintiff was bound by Defendant's conditions of contract.  *See* Dkt. No. 106.  The court ultimately granted Defendant's motion to transfer on Jan. 30, 2023.  *See* Dkt. No. 108.  Plaintiff then filed its Third Amended Complaint.  *See* Doc. No. 122.

Defendant filed a motion to dismiss on May 26, 2023 arguing that a statute of limitations barred Plaintiff's claim.  This Court issued an order granting in part and

---

F.3d 592, 601 (8th Cir. 1996) ("Under Rule 1006, the 'contents of voluminous writings . . . which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation;' ") *Square Liner 3600, Inc. v. Chisum*, 691 F.2d 362, 376 (8th Cir. 1982) ("Rule 1006 requires, as a condition precedent to the introduction of summaries and calculations, that the originals or duplicates of the underlying documents be made available to opposing counsel at a reasonable time and place.")

denying in part the motion to dismiss on December 28, 2023 noting that, *inter alia*, Hilo Products has properly pled a breach of contract claim against Target seeking almost $1.37 million in damages and that Target, by and through its conduct, may be equitably estopped from raising a statute of limitations defense and may have waived its statute of limitations defense. *See generally*, Doc. 134.

### III. DISCUSSION

#### A. **Defendant Is Equitably Estopped From Raising a Statute of Limitations Defense.**

"When a party strings its creditor along until after expiration of the statute of limitations under the original payment date, it may be equitably estopped from enforcing that statute of limitations." *Id.* at 11 (citations, brackets, and quotations omitted). Hilo Products must prove: "(1) that promises or inducements were made; (2) that it reasonably relied upon the promises; and (3) that it will be harmed if estoppel is not applied." *Id*. at 12 (citations omitted). With respect to the first element, "Hilo has made a sufficient showing to survive a 12(b)(6) motion that Target made promises or inducements which caused Hilo to delay legal action." *Id*. With respect to the second element, "Hilo has also pled sufficient facts to allow a jury to decide whether Hilo's decision to postpone suit based on Target's inducements was reasonable." *Id.* at 14. With respect to the third element, "Little needs to be said about the final factor. Hilo will lose the opportunity to recoup the $1.37 million it claims Target owes if its claim is time-barred." *Id*. at 15. For these reasons, Defendant is equitably estopped from asserting a deadline or limitations defense here.

4

B. **Target Has Waived Its Right To Enforce A Payment Deadline**.

"Waiver is the intentional relinquishment of a known right." *Id*. at 16 (citations omitted). "Hilo has pled sufficient facts to establish waiver of the one-year claim bar under a 12(b)(6) standard of review." *Id*. "Target frequently resolved and issued payment on invoices that were more than one year old. A trier of fact could reasonably conclude that Target thus waived its right to enforce a timeliness defense." *Id*. "The continuous practice of non-timely dispute resolution here establishes enough forbearance that a factfinder could determine that Target waived its right to enforce a cause of action deadline." *Id.* at 17. This Court then concluded, "Hilo has pled sufficient facts to proceed with its claim Target waived its right to enforce the cause of action deadline." *Id*.

C. **Additional Discovery Is Expected to Strengthen Hilo Products' Case**.

The U.S District Court of the District of Hawaii authorized limited discovery to address Defendant's motion to transfer. *See e.g.* Dkt. No. 39 at PageID #585-586 ("Some limited discovery is necessary before the hearing itself.") The limited discovery was tailored in Defendant's favor. *See id.* ("Nearly all of the evidence relevant to the issues of implied authority, apparent authority, and ratification is in the hands of Hilo Products. Without discovery, Target likely will have little to submit.") Hilo Products could only depose witnesses that Defendant identified for the evidentiary hearing, and even this request had to be granted over Defendant's opposition. *Compare* Dkt. 52 at PageID # 734 ("Target requests that the Court deny Hilo Products' request to depose Target's witnesses.") *with* Dkt. # 53 ("EO: The court has reviewed the parties'

5

briefs concerning outstanding discovery issues. Hilo Products may depose the witnesses Target intends to call at the evidentiary hearing.") By and through discovery, Hilo Products has produced thousands of documents to Defendant; however, has only received about fifty documents from Defendant. *See* Doc. 129-3, ¶27. Because Defendant benefitted from the limited discovery tailored in its favor, Hilo Products anticipates that further discovery will strengthen Hilo Products' case.

Given the multiple *written* acknowledgments of Defendant's debt to Hilo Products that have already been provided here, future depositions are expected to uncover additional *oral* acknowledgments of Defendant's debt to Hilo Products. *See In re Estate of Fauskee,* 497 N.W.2d 324 (Minn. Ct. App. 1993) (oral acknowledgment of debt is enforceable to toll statute of limitations and does not violate the statute of frauds.)

Discovery may also show that Defendant fraudulently concealed its anticipated payment denial from Hilo Products. "To show fraudulent concealment, a plaintiff must establish 1) that the Defendant engaged in a course of conduct to conceal evidence of the Defendant's alleged wrongdoing; and 2) that the Plaintiff failed to discover the facts giving rise to its claim despite its exercise of due diligence." *TCF Nat'l Bank v. Mkt. Intelligence, Inc.*, Civ. No. 11-2717 (D.Minn. Jan. 3, 2013) at *4 (quotes and brackets removed). Defendant knew that Hilo Products would not be paid its backlogged invoices as early as 2020; however, refrained from notifying Hilo Products of this decision until 2021. *See e.g.,* Doc. 129-41 at TARGET000017_0002 ("I haven't heard from then since late 2020. They had Nate Craig reaching out about the same thing. At that time they were over 18 months with no open receipts or invoices in TAP.")

6

Discovery to determine the extent of Defendant's concealment of this fact may give rise to a fraudulent concealment issue favoring Hilo Products.

Discovery may also show that Hilo Products' cause of action was equitably tolled. Equitable tolling requires a litigant to establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Smithrud v. City of St. Paul*, 746 F.3d. 391, 396 (8th Cir. 2014) *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The processing of most of Hilo Products' backlogged invoices took place under the cloud of the COVID-19 pandemic.[2] Defendant already used the COVID-19 emergency as a reason to delay an in-person meeting with Hilo Products. *See* Doc. 129-39 at P_034395 ("Hi Brandon. Aloha. They actually want us to limit travel due to coronavirus scare. Still want to meet you in person vs text or phone call. Let me get back to you on this. Excited to meet with you!") A motion to compel production of Defendant's records retention policy is expected to be fruitful. *See* Doc. No. 79-48 at PageID# 1846-1847 ("The records retention policy that you request below is not relevant.") Additional discovery to investigate whether Defendant stayed its records retention procedures during the COVID-19 emergency may explain why Hilo

---

[2] In response to the COVID-19 emergency, the Minnesota legislature passed House Bill H.F. No. 4556 (2020) that, *inter alia,* tolled all limitations periods during the COVID-19 emergency. This Court has already held that House Bill H.F. No. 4556 does not **legally** toll a statute of limitations. *See Willman v. Farmington Area Pub. Sch. Dist. (ISD 192)*, Civ. No. 21-1724 (D. Minn. Sep. 7, 2022). Nevertheless, Hilo Products asks this Court to consider that the passage of House Bill H.F. No. 4556 and Defendant's response to the emergency may have **equitably** tolled any limitations periods affecting Hilo Products' claims.

Products was not timely paid and why it was "over 18 months with no open receipts or invoices in TAP."  Doc. 129-41 at TARGET000017_0002.

## IV. CONCLUSION

This Court has held that Hilo Products has properly pled a claim for a breach of contract seeking almost $1.37 million in damages.  This Court has also held that Target may be equitably estopped from raising a statute of limitations defense and may have waived a statute of limitations defense.  Additional discovery is expected to strengthen Hilo Products' case by raising issues of whether Target may have fraudulently concealed its decision to deny Hilo Products' payment requests, whether Target acknowledged its debt to Hilo Products and restarted the statute or limitations, or whether Target's statute of limitations arguments should be equitably tolled because of the COVID-19 pandemic.  For these reasons, Hilo Products has a strong case against Target and is optimistic that this Court will resolve this case in Hilo Products' favor.

DATED:  Hilo, Hawai'i, February 5, 2024.

/s/ MASON M. YAMAKI
MICHAEL KEMP
MASON M. YAMAKI

Attorneys for Plaintiff
HILO PRODUCTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| HILO PRODUCTS, INC., | CIVIL NO. 23-CV-00370-JRT-LIB |
| Plaintiff, | CERTIFICATE OF SERVICE |
| vs. | |
| TARGET CORPORATION *et al.* | |
| Defendants. | |

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that on this date, a true and correct copy of the foregoing document was electronically served upon the persons below via CM/ECF.

    LEAH C. JANUS, ESQ.    ljanus@fredlaw.com
    AMANDA MILLS, ESQ.    amills@fredlaw.com
    200 South Sixth Street, Suite 4000
    Minneapolis, MN 55402-1425

    Attorneys for Defendant
    TARGET CORPORATION

DATED:  Hilo, Hawai'i, February 5, 2024.

                /s/ MASON M. YAMAKI
                MASON M. YAMAKI

                Attorneys for Plaintiff
                HILO PRODUCTS, INC.